Singh v. Bondi

BIA
Zagzoug, IJ
A206 469 407

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

**PRESENT:**
> **ROBERT D. SACK,**
> **DENNY CHIN,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

_____

**KULWANT SINGH,**
> *Petitioner,*

**v.**                                                           **23-6319**
                                                                  **NAC**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**               Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Michael C. Heyse, Senior Litigation Counsel; Karen L. Melnik, Senior Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kulwant Singh, a native and citizen of India, seeks review of a March 14, 2023, decision of the BIA affirming a May 13, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kulwant Singh,* No. A 206-469-407 (B.I.A. Mar. 14, 2023), *aff'g* No. A 206-469-407 (Immig. Ct. N.Y. City May 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA but as limited to the grounds for the IJ's decision that the BIA reached and relied on. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and

2

the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d

3

162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's conclusion that Singh was not credible.

The IJ identified multiple bases for the adverse credibility determination—namely, Singh's demeanor, his evolving asylum claim, vague and implausible testimony, and lack of corroboration to rehabilitate his credibility.  The record supports these findings.

First, we defer to the IJ's demeanor finding "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).  The record supports the finding.  As the IJ observed, Singh's demeanor changed from direct to cross-examination.  While his testimony on direct was nearly identical to his written statement, his testimony on cross was vague and non-responsive at times.  *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to agency's demeanor assessment that was based on observations that the petitioner was "sometimes 'non-responsive' to questions"); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (acknowledging that IJs are generally in the best

4

position to decide whether a witness understood questions).

Second, the demeanor finding is bolstered by Singh's inconsistent testimony about which political party he feared. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). While Singh's application and written statement provided that he feared supporters of Dera Sacha Sauda, he testified that he also feared the Congress Party and the Bharatiya Janata Party because he was a supporter of the Mann Party. Singh did not respond when asked why he did not mention his own support of the Mann Party in his written statements. *Cf. Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Relatedly, the IJ reasonably relied on this "evolving" nature of Singh's claim in reaching the adverse credibility determination. That is, his application reflected only a fear of DSS, while he testified to fearing the other parties and added that he supported and worked for the Mann Party. Given his testimony that his fear was based on his support for

5

the Mann Party, his support and work for the party are facts he would have "reasonably . . . been expected to disclose" in his application. *Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

Third, the record supports the IJ's conclusion that some of Singh's testimony was vague and implausible. "A fact finder may understandably find detailed testimony more convincing than vague testimony." *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). Although "a finding of testimonial vagueness cannot, without more, support an adverse credibility determination," it can where "government counsel or the IJ first attempts to solicit more detail." *Id.* Singh's testimony was vague, despite the IJ's attempts to elicit further detail from him. For example, Singh testified that he lived in England for years, rarely left his house, but did a bit of construction work; however, he was non-responsive to the IJ's question of what he meant by a "bit of construction work." He also testified that he returned to India in 2012 because his father died, but when confronted with the fact that his father died in 2008, he then indicated that he had returned in 2012 for a marriage his mother arranged. We defer to the IJ's determinations on these

6

points. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) (explaining that where there are multiple permissible interpretations, "a reviewing court must defer to [the IJ's] choice so long as the deductions are not illogical or implausible" (quotation marks omitted)); *Majidi*, 430 F.3d at 80.

Finally, the IJ reasonably concluded that Singh did not rehabilitate his testimony with reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh provided affidavits from his wife and doctor in India, but the IJ reasonably gave them little weight as neither declarant was available for cross-examination, Singh's wife's affidavit was almost identical to Singh's, and the medical records were not contemporaneous. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ also reasonably gave little weight to

a Mann Party affidavit as it was prepared for the litigation, did not discuss the specific harm Singh suffered, and was vague as to Singh's actual participation in the party. *See Y.C.*, 741 F.3d at 332.

In sum, substantial evidence supports the adverse credibility determination given these issues with Singh's demeanor and responsiveness, the related inconsistencies and omissions, vague testimony, and the lack of reliable corroboration. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court